TIMOTHY F. CONNELLY, APPELLANT, V. DEPARTMENT OF MOTOR VEHICLES, AN ADMINISTRATIVE AGENCY OF THE STATE OF NEBRASKA, APPELLEE.

618 N.W.2d 715

Filed October 24, 2000.    No. A-99-1097.

Adam J. Sipple, of Johnson & Mock, for appellant.

Don Stenberg, Attorney General, and Kyle C. Dahl for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Timothy F. Connelly appeals from the affirmance by the district court of an order by the Nebraska Department of Motor Vehicles (DMV), which order had revoked Connelly's driving privileges. For the reasons set forth below, we affirm.

## BACKGROUND

In the early morning hours of December 24, 1998, two Omaha police officers, Michael Davis and J.V. Stokes, were on patrol in a marked police cruiser in downtown Omaha. As of that date, Officer Davis was in training as an Omaha police officer, and Officer Stokes was serving as his field training officer. While on patrol, the officers observed a vehicle turning from an improper lane and driving the wrong direction on a one-way street near the intersection of 28th and Dodge Streets. The officers followed the vehicle and sounded the cruiser's siren. The vehicle pulled over near 28th and Douglas Streets.

Officer Davis then approached the vehicle and talked with the driver, who was the appellant, Connelly. Officer Davis observed and questioned Connelly, and administered field sobriety tests upon him. Officer Davis then had Connelly take a preliminary breath test, which Connelly failed. It was stipulated at the administrative license revocation hearing before the DMV that it was Officer Stokes who placed handcuffs upon Connelly, informed him that he was under arrest, and took physical control of him. Connelly was then transported to central police headquarters, where he took a chemical breath test which resulted in an alcohol level reading of .164 grams of alcohol per 210 liters of breath.

Officer Davis then prepared the documents for an administrative hearing regarding revocation of Connelly's driving privileges. That hearing was held on January 14, 1999. Connelly was represented by counsel. Officer Davis appeared on behalf of the DMV; Officer Stokes did not appear. At the hearing, Connelly did not testify or offer exhibits, nor did he object to introduction of exhibits offered in support of the DMV's position. Connelly did, however, move to dismiss the proceedings based upon 247 Neb. Admin. Code, ch. 1, § 017.02 (1998). That regulation provides that "[t]he failure of the arresting officer to appear or be otherwise available for cross-examination shall be cause for dismissal of the administrative license revocation by the Department of Motor Vehicles except when the motorist does not appear or make any showing." Connelly argued that Officer Stokes was the "arresting officer" for purposes of § 017.02 and that the proceeding should accordingly be dismissed due to the absence of Officer Stokes.

The hearing officer left the record open until January 19, 1999, in order to permit Connelly to supplement the record on that issue. Connelly did not do so, instead submitting a letter on January 19, asserting that the record "already contains any evidence relevant to the issue presented" and iterating his argument for dismissal on the ground that Officer Stokes should have been present at the hearing.

The hearing officer entered an order on January 20, 1999, concluding that Officer Davis was the arresting officer for purposes of § 017.02 and recommending that the DMV revoke

Connelly's driving privileges. The following day, the director of the DMV issued an order adopting the hearing officer's proposed findings of fact, conclusions of law, and recommended order of revocation.

Connelly then appealed to the Douglas County District Court. On August 16, 1999, the district court entered an order affirming the order of revocation. Specifically, the district court found that both Officers Stokes and Davis were arresting officers for purposes of § 017.02. The court concluded that because Officer Davis was present at the hearing, § 017.02 was satisfied. The district court accordingly affirmed the order of revocation.

Connelly timely filed the instant appeal on September 14, 1999.

## ASSIGNMENT OF ERROR

Connelly makes one assignment of error: The district court erred in failing to find that the arresting officer was not present at the administrative hearing and in accordingly affirming the order of revocation.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1999); *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688 (1999). An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id.* When reviewing a question of law, however, an appellate court reaches a conclusion independent of the lower court's decision. *Id.*

When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997).

■ The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below, according deference to an agency's interpretation of its own regulations, unless plainly erroneous or inconsistent. *Vinci v. Nebraska Dept. of Corr. Servs., supra.* In the absence of anything to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning. *Id.* An appellate court will not resort to interpretation to ascertain the meaning of words in a rule or regulation which is plain, direct, and unambiguous. *Id.*

## ANALYSIS

The case at hand turns on the meaning of the phrase "arresting officer." Connelly alleges that the phrase should be limited to "the individual who announces the intention to arrest and takes physical control of the arrestee." Brief for appellant at 5. The DMV alleges that the hearing officer and the district court properly construed the phrase more broadly and that an arresting officer is any law enforcement official who exercises control over a suspect, regardless of whether that officer is the one who actually assumes physical control over that suspect.

■ At the threshold, we must first determine whether the phrase is ambiguous, since an appellate court will not resort to interpretation to ascertain the meaning of words in a rule or regulation which is plain, direct, and unambiguous. *Vinci v. Nebraska Dept. of Corr. Servs., supra.* An ambiguity exists when the instrument at issue is susceptible of two or more reasonable but conflicting interpretations or meanings. *Baker's Supermarkets v. Feldman,* 243 Neb. 684, 502 N.W.2d 428 (1993). However, the fact that the parties have suggested opposing meanings of the disputed instrument does not necessarily compel the conclusion that the instrument is ambiguous. *Id.*

The phrase "arresting officer" is not specifically defined in the relevant regulations, and we conclude that it may reasonably be subject to more than one interpretation. We accordingly must interpret this phrase as used in § 017.02.

■ Black's Law Dictionary 104 (7th ed. 1999) defines arrest as follows:

1. A seizure or forcible restraint. 2. The taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge. . . .

*lawful arrest.* The taking of a person into legal custody either under a valid warrant or on probable cause that the person has committed a crime.

It is clear that in Nebraska, physical custody is not required for an arrest to have been effected. See, e.g., *State v. White*, 209 Neb. 218, 306 N.W.2d 906 (1981). There, a defendant charged, inter alia, with escape from detention argued that the jury should have been instructed that "mere words cannot constitute an arrest." *Id.* at 225, 306 N.W.2d at 912. The Nebraska Supreme Court rejected that argument:

It is not disputed that the officer announced the arrest and that the physical proximity of the officer and the defendant were such that the officer could have, had he so chosen, attempted to exert physical control; that the defendant knew he was under legal restraint and not free to leave . . . . . A few courts have held that there must exist at least some slight touching by the officer to effectuate an arrest. We reject the necessity of such an act.

*Id.*

The question remains whether it was necessary for Officer Davis to have made a formal announcement of arrest in order to be considered an arresting officer. We conclude it was not. That issue has been addressed in a roughly analogous context in another jurisdiction. See *State v. Stauffer*, 266 N.C. 358, 145 S.E.2d 917 (1966). There, the relevant statute prohibited the arresting officer from administering a breath alcohol test to a person suspected of driving under the influence. The defendant had been stopped by an Officer McIntosh, but was questioned and formally arrested by a Captain Broadway, who had arrived approximately simultaneously with Officer McIntosh. The defendant was then taken to the police station, where Officer McIntosh, an expert in Breathalyzer testing, administered the test. The North Carolina Supreme Court found error requiring a new trial, explaining:

The purpose of this limitation in the statute is to assure that the test will be fairly and impartially made. An officer,

714

> who is present at the scene of the arrest for purposes of assisting in it, if necessary, is an "arresting officer" within the meaning of the statute even though a different officer actually places his hand upon the defendant and informs him that he is under arrest.

*Id.* at 359, 145 S.E.2d at 918. Because Officer Davis was far more involved in the arrest in the instant case than Officer McIntosh had been in *Stauffer,* we believe the appropriate holding is that for purposes of § 017.02, Officer Davis was the arresting officer. A formal announcement of arrest is not necessary for an officer to be considered an arresting officer for purposes of § 017.02. We accordingly conclude that the district court did not err in holding that both Officers Davis and Stokes were arresting officers for purposes of § 017.02.

We further hold that the district court properly concluded that the presence of Officer Davis at the hearing, without the presence of Officer Stokes, satisfied the due process requirements of § 017.02. Such a result is the more sensible one. "A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent." *Bayer v. Father Flanagan's Boys' Home,* 219 Neb. 824, 828, 366 N.W.2d 760, 763 (1985). The presence of one of two arresting officers at an administrative license revocation hearing satisfies the due process requirements of § 017.02, when the officer who is present questioned and tested the motorist. It was Officer Davis who questioned and tested Connelly, and who was best able to provide the hearing officer with information relating to the factors underlying the revocation.

## CONCLUSION

For the reasons set forth above, the judgment of the district court affirming the order of revocation by the DMV is affirmed.

AFFIRMED.