THOMAS J. ARNDT, APPELLEE, V.
DEPARTMENT OF MOTOR VEHICLES, APPELLANT.
699 N.W.2d 39

Filed July 15, 2005.    No. S-04-584.

Jon Bruning, Attorney General, Milissa Johnson-Wiles, and, on brief, Charlotte Koranda for appellant.

Michael L. Munch for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

After failing field sobriety tests during a traffic stop, Thomas J. Arndt, the appellee, was arrested and his motor vehicle operator's license was revoked. Arndt appealed the revocation, arguing that the "sworn report" that initiated the revocation procedure was not completed by the arresting officer, as required by Neb. Rev. Stat. § 60-498.01 (Supp. 2003), and was therefore invalid. The district court reversed the order of revocation on that basis, and the Department of Motor Vehicles (the Department) appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

While traveling on Cornhusker Road in Sarpy County, Officer Joseph Milos noticed the vehicle in front of him straddling the centerline of two travel lanes. Milos conducted a traffic stop and, upon making contact with the driver, Arndt, conducted various field sobriety tests, which Arndt either failed or was unable to complete. After receiving a preliminary breath test sample of .150 grams of alcohol per 210 liters of breath, Milos placed Arndt under arrest. Because Milos had a dog in his vehicle, a sergeant on the scene contacted an Officer Reed to transport

Arndt to the Sarpy County jail. Milos gave Reed the completed citation and updated Reed on what had happened during the traffic stop. Reed subsequently transported Arndt to the jail, after which Arndt was read the postarrest chemical test advisement form. Arndt signed the form, an Intoxilyzer test was administered, and Reed completed a "sworn report" and submitted the report to the Department. The report indicated that Arndt had been arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Supp. 2003) and that, according to a chemical test, he had an alcohol concentration of more than .08 grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath. See § 60-498.01 and Neb. Rev. Stat. § 60-6,196 (Supp. 2003). Arndt filed a petition for a hearing before the Department pursuant to § 60-498.01.

The report completed by Reed was offered at the hearing, and Arndt objected to its admission on the basis that it was not completed by the arresting officer as required by statute. See § 60-498.01. The hearing officer overruled the objection and received the report into evidence. Thereafter, the director of the Department adopted the hearing officer's recommended order that Arndt was operating a vehicle while having an alcohol concentration in violation of § 60-6,196(1) and, consequently, ordered that Arndt's operator's license be revoked for 90 days.

On appeal, the district court reversed the order of revocation, concluding that the report was not completed by the arresting officer as required by § 60-498.01 and that, therefore, the director's order of revocation was not supported by the evidence.

## ASSIGNMENTS OF ERROR

The Department assigns that the district court erred in concluding that Reed was not an arresting officer for the purpose of filling out the sworn report required by § 60-498.01.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Hahn v. Neth, ante* p. 164, 699 N.W.2d 32 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on

the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.*

To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004).

## ANALYSIS

Section 60-498.01 provides the procedure for administratively revoking the license of a person who, after submitting to a chemical breath or blood test, is found to be operating a vehicle under the influence of alcohol in a concentration equal to or more than .08 grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath. See § 60-6,196. Section 60-498.01(3) states, in part:

> The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested pursuant to section 60-6,197 [driving under the influence] and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration specified in section 60-6,196 [equal to or more than .08].

As a general rule, the offer by the Department of the sworn report at the hearing establishes the Department's prima facie case, and the burden shifts to the driver to refute such evidence. See, *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002); § 60-498.01(7). However, the rule presupposes a proper report—that is, a sworn report which comports with statutes and the relevant administrative rules and regulations sufficient to confer authority upon the director to revoke an operator's license. See *id.* See, also, *Hahn, supra.*

In its order reversing the revocation of Arndt's license, the district court stated: "Due to the fact that the sworn report was not completed by the arresting officer pursuant to the requirements of § 60-498.01, this Court finds the final decision of the Director was

not supported by the evidence and the revocation is reversed." The Department argues that the district court erred in determining that Reed was not an arresting officer.

In *Connelly v. Department of Motor Vehicles*, 9 Neb. App. 708, 713-14, 618 N.W.2d 715, 720 (2000), the Nebraska Court of Appeals considered the characteristics of an arresting officer and correctly determined that

> "[a]n officer, who is present at the scene of the arrest for purposes of assisting in it, if necessary, is an 'arresting officer' within the meaning of the statute even though a different officer actually places his hand upon the defendant and informs him that he is under arrest."

(Quoting *State v. Stauffer*, 266 N.C. 358, 145 S.E.2d 917 (1966).) Accord *State v. Roberts*, 261 Neb. 403, 623 N.W.2d 298 (2001).

In this case, however, Reed was not present when Arndt was taken into custody, and we decline to extend *Connelly* and *Roberts* to such circumstances. We conclude that the district court's determination that Reed was not an arresting officer under the circumstances of this case is supported by competent evidence. The record establishes that Milos conducted the traffic stop and observed Arndt's intoxication. In addition, Milos performed the field sobriety tests, including a preliminary breath test, and placed Arndt under arrest. Reed arrived after the arrest in order to transport Arndt to the county jail and observed a Sarpy County sheriff's deputy administer an Intoxilyzer test at the jail. Reed's limited participation does not establish that he was "present at the scene of the arrest for purposes of assisting in it." See *Connelly, supra.* Rather, Reed was summoned to the scene, after the arrest, for the purposes of transporting Arndt to the county jail. Such facts do not support Reed's classification as an arresting officer, and therefore, the district court did not err in so concluding.

▮ In this case, Reed completed and submitted the report that initiated Arndt's license revocation proceedings. However, § 60-498.01 specifies that the sworn report required by that section is to be submitted by the arresting peace officer. Because revocation of an operator's license is automatic upon receipt of a sworn report if the licensee does not request a hearing, the requirement that the triggering report be "sworn" and be submitted

by an "arresting peace officer" is essential to the legislative purpose of providing a reliable basis for administrative action. *Hahn v. Neth, ante* p. 164, 699 N.W.2d 32 (2005), citing *Wilcox v. Billings*, 200 Kan. 654, 438 P.2d 108 (1968). The director's receipt of this properly submitted sworn report is what activates the director's authority to revoke an operator's license. In the instant case, the report filed did not contain the affirmation of an "arresting peace officer" that the facts recited in the report were true, and was thus not a proper "sworn report" as required by § 60-498.01. Because Reed was not an arresting officer, the report submitted at the hearing in this case did not comport with the requirements of the statute, and therefore, the director did not acquire the authority to administratively revoke Arndt's operator's license. See *Hahn, supra.*

The Department's sole argument is that the district court incorrectly concluded that Reed was not an arresting officer. The Department does not contest the court's conclusion that if Reed was not an arresting officer, the report filed was insufficient to support the director's order of revocation. But more to the point, the authority of the director of the Department to administratively revoke an operator's license is only that which is specifically conferred by the administrative license revocation statutes, see *id.*, and absent receipt of a properly sworn report submitted by an arresting peace officer, the director does not acquire the authority to administratively revoke the operator's license. Because the report submitted by Reed was not sufficient to confer authority upon the director of the Department to revoke Arndt's operator's license, the district court properly reversed the order of revocation.

## CONCLUSION

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.