NEBRASKA LIQUOR DISTRIBUTORS, INC., APPELLEE, V.
NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.
722 N.W.2d 10

Filed September 29, 2006. No. S-05-890.

Jon Bruning, Attorney General, J. Kirk Brown, and Milissa Johnson-Wiles for appellant.

Michael J. Lehan for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

On remand from our decision in *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 269 Neb. 401, 693 N.W.2d 539 (2005), the district court reversed the decision of the Nebraska Liquor Control Commission (Commission) that denied a wholesale liquor license to Nebraska Liquor Distributors, Inc. (NLD). Under Neb. Rev. Stat. § 84-917(6)(b) (Reissue 1999), in an appeal from an administrative agency, a district court "may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings." This case presents the question whether the district court should have remanded the matter to the

Commission for further proceedings, instead of reversing the Commission's decision. The district court chose to reverse, as permitted by the statute. We affirm.

## PRIOR PROCEEDINGS

On September 6, 2001, NLD applied for a class X wholesale liquor license from the Commission. The Commission denied the license, concluding that NLD was disqualified because of a business relationship prohibited by Neb. Rev. Stat. § 53-169.01 (Reissue 2004). The Commission found that NLD's sole shareholder, Mitchell Johnson, had a continuing business relationship with his brother, Lynn Johnson, who is chairman of the board of Johnson Brothers Liquor Company (Johnson Brothers).

The Commission had previously denied Johnson Brothers a wholesale liquor license because of its relationship with United States Distilled Products Company (USDP), a liquor manufacturer. The Nebraska Court of Appeals affirmed that decision in *Johnson Bros. Liquor Co. v. Nebraska Liquor Control Comm.*, No. A-99-1182, 2000 WL 1725059 (Neb. App. Nov. 21, 2000) (not designated for permanent publication). In that case, the evidence showed that Lynn was a de facto officer or employee of USDP. This created a prohibited relationship between Johnson Brothers and USDP, requiring the denial of Johnson Brothers' application.

The Commission relied on the *Johnson Bros. Liquor Co.* decision to establish a connection between USDP and Mitchell as well, and denied NLD a liquor license. NLD appealed the Commission's decision, and the district court affirmed. In its affirmance, the district court took judicial notice of the *Johnson Bros. Liquor Co.* decision and found that Mitchell had an interest in USDP through Johnson Brothers. The case was then appealed to this court. We held that it was inappropriate for the district court to rely on *Johnson Bros. Liquor Co.* in affirming the Commission's decision. *Nebraska Liq. Distrib., supra.* We reversed the judgment and remanded the cause with directions to the district court to complete its de novo review of the record.

## DISTRICT COURT'S DECISION

On remand, after a de novo review, the district court found that the record did not establish a prohibited relationship between

NLD and USDP. The district court found that there was no evidence of a business interest between Johnson Brothers and USDP and the *Johnson Bros. Liquor Co.* opinion could not be considered. The district court reversed the Commission's decision and directed the Commission to issue a wholesale liquor license to NLD. The Commission now appeals, arguing that the district court should have remanded the matter to the Commission so it could produce evidence of the relationship between NLD and USDP that was inappropriately established through judicial notice.

## ASSIGNMENT OF ERROR

The Commission assigns that the district court erred in failing to remand this matter to the Commission for further proceedings.

## STANDARD OF REVIEW

■ The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. See *Arndt v. Department of Motor Vehicles*, 270 Neb. 172, 699 N.W.2d 39 (2005).

## ANALYSIS

The Commission contends that after this cause was remanded to the district court, the court should have remanded the matter to the Commission for further proceedings. It argues that because the district court relied on the Court of Appeals' decision in *Johnson Bros. Liquor Co.* without knowledge that it was incorrect to do so, the court should have allowed it another opportunity to adduce evidence of the relationship it attempted to establish through judicial notice.

■ The Administrative Procedure Act governs appeals from Commission decisions. See § 84-917. Section 84-917(6)(b) provides, "When the petition instituting proceedings for review is filed in the district court on or after July 1, 1989, the court may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings." Because the statute does not provide a standard for determining when remand would be appropriate, the Commission has asked this court to adopt one. The Commission proposes the following standard:

When certain evidence has been found on appeal to have been inappropriately received and weighed in the original agency decision, a remand to that agency for further proceedings would serve the interests of justice if: (1) additional evidence on a pivotal issue can be shown to be available either on the existing record or by an affirmative post-remand showing by a party; and (2) there is no showing that the party that offered the evidence which was found on appeal to be inappropriately considered in the original proceeding did so in bad faith.

Brief for appellant at 9. The Commission argues that the public interest would be best protected by applying this standard and remanding the matter to the Commission. *Id.*

 We decline to adopt the Commission's proposed standard. Under § 84-917(6)(b), a district court hearing an appeal from an agency "*may . . .* remand the case for further proceedings." (Emphasis supplied.) Statutory language is to be given its plain and ordinary meaning. We will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *24th & Dodge Ltd. Part. v. Acceptance Ins. Co.*, 269 Neb. 31, 690 N.W.2d 769 (2005). Generally, the word "may" when used in a statute will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective. When the word "may" appears, permissive or discretionary action is presumed. *Livingston v. Metropolitan Util. Dist.*, 269 Neb. 301, 692 N.W.2d 475 (2005). Thus, under § 84-917(6)(b), a district court has discretion concerning the disposition of an appeal from an administrative agency.

Here, the district court, in its discretion, chose to reverse the Commission's decision, as it was empowered by the Legislature to do. The Commission does not argue that the district court incorrectly decided the case, nor does it argue that the court abused its discretion by failing to remand the matter. Instead, it requests an exception which would allow it another opportunity to produce additional evidence. The Commission had the opportunity in its original hearing to present evidence to support its denial of a liquor license to NLD. It failed to do so, and we see no reason why it should get a "second bite at the apple."

## CONCLUSION

We conclude that the district court did not err in failing to remand the matter to the Commission for further proceedings. Therefore, we affirm.

AFFIRMED.

HENDRY, C.J., not participating.