William G. and Marie **HAMACHER**, Appellants,

v.

**DIRECTOR OF REVENUE**, Respondent.

No. 71870.

Supreme Court of Missouri, En Banc.

Nov. 14, 1989.

Thomas R. Schwarz, Jr., Jefferson City, P. Terence Crebs, St. Louis, for appellants.

William L. Webster, Atty. Gen., James Deutsch, Asst. Atty. Gen., George Cox, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Michael J. Kator, David Weiser, Washington, D.C., for amicus curiae Missouri Federation of Chapters of Nat. Ass'n of Retired Federal Employees.

BLACKMAR, Chief Justice.

This case is a sequel to *Hackman v. Director of Revenue,* 771 S.W.2d 77 (Mo. banc 1989), in which we held that Missouri taxpayers could claim refunds for state income tax paid on federal retirement pay, within the limitation period for filing amended returns. The refunds were made necessary by *Davis v. Michigan Department of Treasury,* — U.S. —, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989).

The taxpayers' 1985 Missouri income tax return, due April 15, 1986, reached the office of the Department of Revenue on April 4, 1986. The record does not show whether it was mailed or hand carried. In this return the federal retirement benefits of taxpayer William G. Hamacher were shown as taxable income.

On April 14, 1989, the taxpayers filed a refund claim and an amended Missouri income tax return for the year 1985, in which the federal retirement benefits were not shown as income. The Director of Revenue denied the claim on the ground that it was barred by the three-year limitation period of § 143.801.1, RSMo 1986. The Administrative Hearing Commission sustained the action of the Director and the taxpayers petitioned for review in this Court. We have jurisdiction because the construction of revenue laws is in issue. Mo. Const. art. V, § 3.

Section 143.801.1 reads in pertinent part as follows:

A claim for credit or refund for overpayment of any tax imposed by sections 143.011 to 143.996 shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later; ... No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in this subsection for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

The Director argues that the statute is clear and that the taxpayers' claim for refund was barred by its terms. The taxpayers claim that such a holding is arbitrary and unreasonable in putting taxpayers who file their returns early at a disadvantage over taxpayers who wait until the last minute, even though the early payment is of benefit to the state. The taxpayers advance a number of arguments, the totality of which persuades us.

The taxpayers first point to § 143.091, RSMo 1986, providing that terms in the Missouri income tax statute should ordinarily have the same meaning as terms used in the federal income tax statutes. This section reads as follows:

Any term used in sections 143.011 to 143.996 shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by the provisions of sections 143.011 to 143.996. Any reference in sections 143.011 to 143.-996 to the laws of the United States shall mean the provisions of the Internal Revenue Code of 1954, and amendments thereto, and other provisions of the laws of the United States relating to federal income taxes, as the same may be or become effective, at any time or from time to time, for the taxable year.

They then refer to 26 U.S.C. § 6513 (1982), which provides that "any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day." *Id.* The Director parries this argument by pointing out that we lack the express statutory language the Internal Revenue Code has, and that this circumstance would indicate that a different construction was intended. The Director's argument, carried to its logical conclusion, would render § 143.091 substantially useless. The very language of that section connotes some incorporation of federal statutes by reference, so as to maintain a consistent pattern.

The taxpayers next ask us to consider the instances in which the state is not disadvantaged by taxpayers who tender their returns early. Thus the state has three full years after the due date to assess a deficiency, even though the return may

have been received in the director's office earlier. Section 143.711, RSMo 1986. If the taxpayer's refund is delayed so long that it draws interest the interest is computed from the due date, even though the return may have been presented before the due date. Section 143.811.2(1), RSMo 1986; Mo.Code Regs. tit. 12, § 102.070 (1989). Also, some flexibility in the meaning of "filed" is indicated by the statutory provision allowing taxpayers in all parts of the state to deposit their returns in the mail up to midnight on the due date, so that they will be considered filed on the date shown by the postmark without regard to the date of receipt by the director. Section 143.851, RSMo 1986.

All the statutory sections just mentioned were adopted at the same time, effective January 1, 1973. 1972 Mo.Laws 698. It is proper to resort to the entire enactment in construing a particular section. In *Cascio v. Beam*, 594 S.W.2d 942 (Mo. banc 1980) we said:

> Not only are we bound to the principle that these statutes must be strictly construed in favor of the taxpayer and against the taxing authority, we are also bound to read these statutes in context. This is particularly true where the two statutes to be construed were passed simultaneously by the legislature and appeared one immediately following the other in the legislative bill under consideration.
>
> ... The two sections involved were passed by the legislature in the same act.

*Id.* at 946 (citation and footnote omitted).

The evidence shows that the Director, before the present controversy arose, construed the applicable statutes as allowing claims for refund to be filed within three years of the due date, without regard to the date of filing. It also appears that the Department of Revenue has placed no special significance on the date a return is received, so long as it is not late. While the administrative authorities may not amend or modify a statute by regulation or practice, the consistent administrative practice is sometimes an aid to construction, especially as to statutes which deal with procedural matters and not with the substance of taxation. The court of appeals said in *State ex rel. Danforth v. Riley*, 499 S.W.2d 40, 44 (Mo.App.1973):

> In such a situation, absent any judicial interpretation of their meaning, it is permissible for the parties and the court to look for aid to the executive or administrative interpretations which have been placed upon them. While such would not be binding on the court, they would properly be given weight and might carry great persuasive influence in the ultimate judicial decision as to legal significance and effect....

We can see no possible reason why the legislature might want to disadvantage taxpayers who file their returns in advance of the due date. Advance filing is helpful to the state and is encouraged. We believe, therefore, that it is appropriate to consider the desire to conform our income tax procedures to the federal, the use of the due date rather than the date of receipt by the Director when to the Director's advantage, and the consistent administrative practice. These circumstances persuade us that we would best serve the legislature's purpose by holding that the due date starts the running of the limitation period for a claim for refund, even though the return may have been "received" earlier in the Director's office.

The decision is reversed and the case is remanded to the Administrative Hearing Commission with directions to allow the claim for refund.

ROBERTSON, HIGGINS, COVINGTON and BILLINGS, JJ., SEILER, Senior Judge, and MAUS, Special Judge, concur.

RENDLEN, J., not sitting.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.