CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

Mike Carey and Becky Carey, appellees, v.
City of Hastings, Nebraska, a municipal
corporation, appellant.

___ N.W.2d ___

Filed December 13, 2013.    No. S-13-110.

1.  **Administrative Law: Evidence: Appeal and Error.** In reviewing the decision
    of an administrative board on a petition in error, both the district court and the
    appellate court review the decision of the board to determine whether it acted
    within its jurisdiction and whether the decision of the board is supported by
    sufficient relevant evidence. The evidence is sufficient, as a matter of law, if an
    administrative board could reasonably find the facts as it did on the basis of the
    testimony and exhibits contained in the record before it.
2.  **Statutes.** The interpretation of statutes and regulations presents questions
    of law.
3.  **Judgments: Appeal and Error.** An appellate court independently reviews ques-
    tions of law decided by a lower court.
4.  **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a
    tribunal to hear and determine a case in the general class or category to which
    the proceedings in question belong and to deal with the general subject mat-
    ter involved.
5.  ____: ____. Personal jurisdiction is the power of a tribunal to subject and bind a
    particular person or entity to its decisions.
6.  **Statutes: Appeal and Error.** In the absence of a statutory indication to the con-
    trary, an appellate court gives words in a statute their ordinary meaning.
7.  **Administrative Law.** In the absence of anything to the contrary, language con-
    tained in a rule or regulation is to be given its plain and ordinary meaning.
8.  ____. For purposes of construction, a rule or order of an administrative agency is
    treated like a statute.
9.  **Statutes: Intent.** In construing a statute, a court must look to the statutory objec-
    tive to be accomplished, the evils and mischiefs sought to be remedied, and the
    purpose to be served. A court must then reasonably or liberally construe the
    statute to achieve the statute's purpose, rather than construing it in a manner that
    defeats the statutory purpose.
10. **Appeal and Error.** An appellate court is not obligated to engage in an analysis
    that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Adams County: Stephen R. Illingworth, Judge. Reversed.

Michael O. Mead, Special City Attorney, of Whelan, Scherr, Glen & Mead, P.C., L.L.O., for appellant.

Arthur R. Langvardt, of Langvardt, Valle & James, for appellees.

Robert F. Bartle, Special Assistant Attorney General, of Bartle & Geier Law Firm, for amicus curiae Nebraska Board of Engineers and Architects.

Heavican, C.J., McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

A municipal building inspector denied an application for a building permit because the construction documents were not prepared by a registered design professional. The city's appeals board upheld the denial, but in an error proceeding initiated by the landowners, the district court reversed. The city now appeals. Because the building code mandated preparation of the documents by a registered design professional "where required"[1] by Nebraska statutes, our decision turns upon interpretation of exemptions specified in the Engineers and Architects Regulation Act[2] (Act) and related regulations. We conclude that the appeals board acted within its jurisdiction and that there was sufficient relevant evidence to support a reasonable conclusion that the proposed renovation failed to qualify for statutory and regulatory exemptions to the Act. We therefore reverse the judgment of the district court.

## BACKGROUND

Mike Carey and Becky Carey applied for a building permit for an interior renovation of a 10,800-square-foot apartment building located in Hastings, Nebraska. The Careys planned to convert the building's 20 apartment units into 10 apartment

---

[1] See 2009 International Building Code § 107.1.

[2] Neb. Rev. Stat. § 81-3401 et seq. (Reissue 2008 & Cum. Supp. 2012).

units and to replace the building's electrical and plumbing systems. They did not plan to move or alter the building's load-bearing walls. The proposed renovation also entailed the installation of fire-rated doors at the entrance of each apartment unit and corridor, exit signs above exit doors, and continuous handrails at each flight of stairs.

The building inspector for the City of Hastings denied the Careys a building permit based upon his belief that the construction plans submitted by the Careys were required to be approved by a licensed architect. The applicable building code required submitted construction documents to be prepared by a registered design professional where required by statute. Specifically, § 107.1 of the 2009 International Building Code provided, in pertinent part: "Submittal documents consisting of *construction documents* . . . shall be submitted in two or more sets with each *permit* application. The *construction documents* shall be prepared by a *registered design professional* where required by the statutes of the jurisdiction in which the project is to be constructed." (Emphasis in original.)

Under the Act, criminal liability is attached to the unlicensed practice of architecture or engineering unless such practice is exempt.[3] Section 81-3446(1) provides that the owner of any real property engages in the practice of architecture or engineering when he or she allows a project to be constructed on his or her real property unless a licensed professional is employed to furnish at least minimum construction phase services or the project is exempt from the Act.[4] The building inspector believed that the Careys' proposed renovation did not qualify under any exemption to the Act. He therefore denied the Careys a building permit based upon his belief that the applicable building code required their construction plans to be approved by a licensed architect.

The Careys disputed the denial of the building permit and claimed that their proposed renovation came within an exception to the Act provided by § 81-3449(5). The exception provides that the Act's provisions regulating the practice of

[3] See § 81-3442(1).

[4] See § 81-3446(1).

architecture do not apply to "[a]ny alteration, renovation, or remodeling of a building if the alteration, renovation, or remodeling does not affect architectural or engineering safety features of the building."[5] Because no load-bearing walls were to be moved or altered and safety features were to be added, the Careys contended that the renovation qualified under § 81-3449(5).

The Careys also claimed that a regulation clarifying § 81-3449 established that their project was exempt from the Act. The Careys cited 110 Neb. Admin. Code, ch. 10, § 10.4.1.2 (2008). Section 10.4.1.2 exempts a renovation if the "area of renovation . . . does not adversely impact the mechanical system; the electrical system; the structural integrity; the means of egress; and does not change or come into conflict with the occupancy classification." (An amendment in 2011 did not change the quoted language.) The Careys contended that their renovation came within § 10.4.1.2 because the building's electrical and plumbing systems were to be replaced and would therefore not be adversely affected.

The building inspector then sought an opinion from a compliance officer with Nebraska's Board of Engineers and Architects (state board) whether the Careys' proposed construction plans required a licensed architect's approval. After reviewing the drawings submitted by the Careys, the state board sent the Careys a letter stating that the board believed the renovation was not exempt under § 81-3449(5) because the renovation would affect the building's safety features. The letter further stated that the board believed 110 Neb. Admin. Code, ch. 10, § 10.4.1.2, was inapplicable because the building's mechanical and electrical systems and means of egress would be adversely impacted. The letter explained that the state board concurred with the building inspector's determination that the renovation required the involvement of a licensed design professional and recommended that the city deny a building permit until such a professional was retained.

The Careys appealed the denial of the building permit to the City of Hastings Board of Appeals (appeals board). At the May

---

[5] § 81-3449(5).

17, 2011, meeting of the appeals board, the Careys' attorney emphasized that the Careys believed their proposed renovation was exempt from the Act under § 81-3449(5) and 110 Neb. Admin. Code, ch. 10, § 10.4.1.2. The Careys' attorney further asserted that the state board only had the authority to prevent the unauthorized practice of architecture or engineering and did not have the authority to determine whether a building permit should be issued.

One member of the appeals board then commented that the plans submitted by the Careys did not clearly show the existing structure of the building so that a determination could be made as to whether the renovation would have an adverse effect. The board member stated that a design professional was necessary to make that determination. The board member then stated that he "would like to entertain a motion that [the appeals board] uphold the decision from the [state board]." The Careys' attorney immediately clarified that the appeals board was not reviewing the state board's determination, but was reviewing the building inspector's denial of the building permit. The building inspector also emphasized that the focus of the motion should be his denial of the permit. Ultimately, the appeals board's proceedings show that a motion was made by another member of the appeals board to "deny the appeal." The motion was seconded, and all members present voted for the motion. Thus, the Careys' appeal was denied, which effectively upheld the denial of the permit by the building inspector.

The Careys next filed a petition in error in the district court for Adams County pursuant to Neb. Rev. Stat. § 25-1901 et seq. (Reissue 2008). After a hearing, the court entered an order overruling the appeals board and ordering that the Careys be issued a building permit without the requirement of a licensed architect's involvement. The court concluded that the appeals board did not act within its jurisdiction and that there was insufficient evidence to support the permit's denial because the appeals board's decision was "totally based" upon the state board's recommendation. The court further stated that it could find no authority granting the state board the power to make recommendations to local building inspectors and that nothing

within the Act authorized the state board to give advice on local building projects. Finally, the court concluded that even if the Act applied to the Careys' renovation, the project was exempt under § 81-3449(5).

The city filed a timely notice of appeal. Pursuant to statutory authority, we moved the case to our docket.[6]

## ASSIGNMENTS OF ERROR

The city assigns that the district court erred in (1) concluding that the appeals board did not fulfill its jurisdictional requirements, (2) concluding that the appeals board's decision was based upon insufficient evidence, and (3) ordering the city to issue a building permit to the Careys without the requirement that they retain a licensed architect.

## STANDARD OF REVIEW

[1] In reviewing the decision of an administrative board on a petition in error, both the district court and the appellate court review the decision of the board to determine whether it acted within its jurisdiction and whether the decision of the board is supported by sufficient relevant evidence.[7] The evidence is sufficient, as a matter of law, if an administrative board could reasonably find the facts as it did on the basis of the testimony and exhibits contained in the record before it.[8]

[2,3] The interpretation of statutes and regulations presents questions of law.[9] We independently review questions of law decided by a lower court.[10]

## ANALYSIS

Our review in this case is limited to whether the appeals board acted within its jurisdiction and upon sufficient relevant evidence in affirming the denial of the building permit. We first

---

[6] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[7] *Campbell v. Omaha Police & Fire Ret. Sys.*, 268 Neb. 281, 682 N.W.2d 259 (2004).

[8] *Id.*

[9] *Blakely v. Lancaster County*, 284 Neb. 659, 825 N.W.2d 149 (2012).

[10] *Id.*

analyze the basis for the board's jurisdiction and then turn to the sufficiency of the evidence before the board at its May 17, 2011, meeting.

## Jurisdiction of Appeals Board

[4,5] The parties agree that the district court's use of the term "jurisdiction" is somewhat of a misnomer in the sense that the court was not referring to subject matter or personal jurisdiction. We have defined subject matter jurisdiction as the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[11] The parties agree that the appeal was correctly addressed to the appeals board, which had the authority to review the denial of the building permit. Personal jurisdiction is the power of a tribunal to subject and bind a particular person or entity to its decisions.[12] Clearly, the city and the Careys were present at the hearing on the Careys' appeal and submitted to the appeals board's jurisdiction of their appeal.

When the district court spoke of jurisdiction, it addressed the appeals board's reliance on the recommendation from the state board. However, this conclusion conflates the issue of jurisdiction with the sufficiency of the evidence. The evidence relied upon by the appeals board had no bearing upon its authority to either affirm or overrule the building inspector's denial of the building permit. The Careys' appeal of the denial of the building permit was properly before the appeals board, which had the authority to affirm or reverse the denial. The court therefore erred in finding that the appeals board acted outside its jurisdiction in affirming the permit's denial.

## Sufficiency of Relevant Evidence

The district court concluded that the appeals board's decision to affirm the denial of the building permit was "totally based" on the state board's recommendation that a licensed design professional was required to be retained by the Careys.

---

[11] *Young v. Govier & Milone*, 286 Neb. 224, ___ N.W.2d ___ (2013).

[12] *Id*.

The court therefore found that the appeals board's decision was not made upon sufficient relevant evidence. The court further concluded that even if the Act applied, the renovation was exempt under § 81-3449(5).

We disagree with the court's conclusion that the appeals board did not base its decision upon sufficient relevant evidence. We emphasize that in the context of a decision made by an administrative board, evidence is sufficient if the board reasonably could find the facts as it did on the basis of the testimony and exhibits contained in the record before it.[13]

First, the district court's conclusion was based upon an incorrect reading of the appeals board's proceedings. The court partly relied upon one member's statement expressing a desire to "entertain a motion" to uphold the state board's decision. But this overlooks the discussion that followed where the Careys' attorney emphasized the motion should focus on the building inspector's decision and the same member "concur[red]" in that articulation. The court also relied upon a snippet of the discussion where the building inspector appeared to admit that if the state board had disagreed with his conclusion, he would have reversed his ruling. But this was immaterial. The record makes it clear that the inspector had already made his decision. According to the case summary prepared for the appeals board, the Careys were informed in writing on September 14, 2010, of the requirement that the plans be prepared by a licensed architect. The state board's action was not taken until April 22, 2011. The inspector's willingness to reconsider his decision did not amount to an abdication of his decisionmaking authority. Thus, the court's conclusion that the appeals board "totally based" its decision on the state board's recommendation is not supported by the record.

Second, the record includes sufficient relevant evidence from which the appeals board could reasonably find that the Careys' construction plans were required to be approved by a licensed architect under the applicable building code. In addition to the state board's recommendation, the appeals board

---

[13] See *Campbell, supra* note 7.

was presented with the building inspector's independent con-
clusion that the Careys' renovation was not exempt from the
Act. The building inspector told the appeals board that it was
"pretty clear" that the Careys' project required an architect of
record under the Act.

[6,7] Third, the evidence reasonably supported the appeals
board's conclusion that the Careys' project did not qualify
under the statutory or regulatory exemptions to the Act. But
before we discuss this evidence, we must examine the statutory
and regulatory exemptions without deference to the appeals
board's interpretation. In the absence of a statutory indication
to the contrary, an appellate court gives words in a statute their
ordinary meaning.[14] Likewise, language in a rule or regulation
is to be given its plain and ordinary meaning.[15]

Contrary to the Careys' argument, § 81-3449(5) did not
exempt their project from the Act. Section 81-3449(5) exempts
"[a]ny alteration, renovation, or remodeling of a building if
the alteration, renovation, or remodeling does not affect archi-
tectural or engineering safety features of the building." The
Careys argue that "no existing architectural or engineering
safety features are affected by the remodeling involved here,
although certain modern safety features arising in the fire
codes are being added, under the supervision of the state fire
marshal and the city's building inspectors."[16] Thus, the Careys
implicitly argue that because these safety features were gov-
erned by fire codes, they are not "architectural" safety features.
We disagree. The practice of architecture includes "services in
connection with the design and . . . alteration of a building."[17]
Design, in turn, means the "preparation of schematics, layouts,
plans, drawings, specifications, calculations, and other diag-
nostic documents which show the features, scope, and detail
of an architectural or engineering work to be executed."[18]

---

[14] *Vlach v. Vlach*, 286 Neb. 141, 835 N.W.2d 72 (2013).

[15] See *Belle Terrace v. State*, 274 Neb. 612, 742 N.W.2d 237 (2007).

[16] Brief for appellees at 13.

[17] § 81-3420.

[18] § 81-3409.

Compliance with fire, building, plumbing, and similar codes clearly requires such layouts, plans, drawings, and specifications to incorporate the necessary features in the design of a project. The design of the Careys' renovation entailed the installation of fire-rated doors at the entrance of each apartment unit and corridor, exit signs above each exit door, and a continuous handrail at each flight of stairs. Thus, the evidence was sufficient to reasonably support the conclusion that the renovation would affect the building's safety features and was thereby not exempt from the Act.

[8,9] Similarly, the regulatory exemption did not apply. The exemption provided by § 10.4.1.2 applies if the "area of renovation . . . does not adversely impact the mechanical system; the electrical system; the structural integrity; the means of egress; and does not change or come into conflict with the occupancy classification."[19] In analyzing this exemption, we first reject the Careys' interpretation that a renovation that entails the replacement of a building's structure or systems cannot be said to "adversely impact" such structure or systems. Renovations are generally undertaken to improve the condition of a building or its systems. Thus, to accept the Careys' interpretation would effectively remove all renovations from the requirement of oversight by a licensed design professional and defeat the purpose of the Act. For purposes of construction, a rule or order of an administrative agency is treated like a statute.[20] In construing a statute, we look to the statutory objective to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served. A court must then reasonably or liberally construe the statute to achieve the statute's purpose, rather than construing it in a manner that defeats the statutory purpose.[21] We therefore interpret the phrase "adversely impact" as including the replacement of a building's structure or systems.

---

[19] See 110 Neb. Admin. Code, ch. 10, § 10.4.1.2.

[20] *Utelcom, Inc. v. Egr*, 264 Neb. 1004, 653 N.W.2d 846 (2002).

[21] *Blakely, supra* note 9.

Here again, the appeals board had sufficient evidence to reasonably support its conclusion that the renovation failed to qualify under § 10.4.1.2. The evidence that the building's plumbing and electrical systems were to be replaced reasonably supported the conclusion that the building's mechanical and electrical systems would be adversely affected. The installation of fire-rated doors at the entrance of each apartment unit and corridor similarly provided reasonable support for the conclusion that the means of egress would be adversely affected. Thus, the evidence reasonably supported the appeals board's decision.

We conclude that the evidence before the appeals board reasonably supported the determination that the applicable building code required the Careys' submitted plans to be approved by a licensed design professional. Because we find that the appeals board acted within its jurisdiction and upon sufficient relevant evidence, we reverse the court's order overruling the permit's denial.

## Order to Issue Building Permit

[10] Because we conclude that the appeals board acted within its jurisdiction and upon sufficient relevant evidence, we need not consider whether the court acted within its authority in ordering the city to issue a building permit without the requirement of a licensed architect's involvement. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[22]

## CONCLUSION

We reverse the district court's order overruling the permit's denial based upon our conclusion that the appeals board acted within its jurisdiction and upon sufficient relevant evidence in affirming the denial of the building permit. Notwithstanding the state board's recommendation, the appeals board was presented with sufficient evidence to conclude that the Careys'

[22] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

renovation was not exempt from the Act and that a licensed architect was required to approve the submitted construction plans under the applicable building code. We therefore reverse the court's order and so need not consider the appropriateness of the granted relief.

Reversed.

Wright, J., participating on briefs.
Connolly and Stephan, JJ., not participating.

---

Justin S. Furstenfeld, appellant, v.
Lisa B. Pepin, appellee.
___ N.W.2d ___

Filed December 13, 2013.    No. S-13-122.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken.

4. **Final Orders: Appeal and Error.** The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

5. **Actions: Statutes.** "Special proceedings" include civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes.

6. **Actions: Modification of Decree: Child Custody.** Proceedings regarding modification of a marital dissolution, which are controlled by Neb. Rev. Stat. § 42-364 (Cum. Supp. 2012), are special proceedings, as are custody determinations, which are also controlled by § 42-364.

7. **Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

8. **Final Orders: Appeal and Error.** A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense