Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/22/2017 09:14 AM CDT

In re Petition of Golden Plains Services
Transportation, Inc.
Golden Plains Services Transportation, Inc.,
doing business as GPS Transportation,
appellant, v. Nebraska Public
Service Commission, appellee.

___ N.W.2d ___

Filed June 30, 2017.    No. S-16-734.

1. **Administrative Law: Statutes: Appeal and Error.** The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Administrative Law.** Generally, for purposes of construction, a rule or order of an administrative agency is treated like a statute.
3. ____. Absent a statutory or regulatory indication to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning.
4. ____. A regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous.
5. **Public Service Commission: Administrative Law.** The plain language of 291 Neb. Admin. Code, ch. 3, § 010.01C (2003), does not explicitly limit open class carriers to providing only prearranged services, nor does it explicitly restrict open class carriers from providing on-demand services.

Appeal from the Public Service Commission. Reversed and vacated.

Jack L. Shultz, of O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O., for appellant.

- 106 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
IN RE PETITION OF GOLDEN PLAINS SERVS. TRANSP.
Cite as 297 Neb. 105

Douglas J. Peterson, Attorney General, and L. Jay Bartel for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Kelch, J.

## NATURE OF CASE

This case requires the court to determine whether 291 Neb. Admin. Code, ch. 3, § 010.01C (2003) (Rule 010.01C), limits "open class" carriers to providing only prearranged transportation or whether they may also operate on a for-hire basis.

## FACTS

Golden Plains Services Transportation, Inc. (Golden Plains), is a Nebraska carrier certified to provide open class services. In or before December 2015, the Nebraska Public Service Commission (Commission) received information that Golden Plains might have been operating "on a taxi basis" in its operations. Thereafter, the Commission sent a letter to Golden Plains, informing Golden Plains that it must immediately cease and desist all taxi service operations. Golden Plains then filed a motion for a declaratory ruling on the scope of services it could provide as an open class carrier.

Under 291 Neb. Admin. Code, ch. 1, § 019.05 (1992), "[i]f a petition for declaratory ruling presents a question of statewide commercial importance or such is noted during or after hearing on the petition, the Commission shall not issue a declaratory ruling but will resolve such question in an investigative proceeding." In an order entered April 19, 2016, the Commission found that Golden Plains' petition presented a question of statewide commercial concern and that it must be resolved through an investigative proceeding rather than a declaratory ruling.

After an investigation, the Commission entered an order releasing its interpretation of Rule 010.01C. Interpreting the rule, the Commission found that "open class carriers may

provide transportation to passengers for hire on a prearranged basis only," and may not "provide *on-demand* transportation services to passengers for hire." (Emphasis supplied.)

Rule 010.01C provides:

> Open class service shall consist of all of the following elements: (i) the business of carrying passengers for hire by a vehicle, (ii) along the most direct route between the points of origin and destination or along a route under the control of the person who hired the vehicle and not over a defined regular route, (iii) at a mileage based or per trip fare.

From the order interpreting Rule 010.01C, Golden Plains appeals.

Additional facts relating to the history of the "open class service" definition are set forth in the discussion below.

## ASSIGNMENTS OF ERROR

Golden Plains assigns, combined and restated, that the Commission erred (1) in finding that open class carriers can provide only prearranged service and not on-demand service and (2) in not applying "grandfathering" or "color of right" principles to Golden Plains' past service history.

## STANDARD OF REVIEW

Under Neb. Rev. Stat. § 75-136(2) (Cum. Supp. 2016), an appellate court reviews an order of the Commission de novo on the record.

[1] The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[1]

---

[1] *Shaffer v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 740, 857 N.W.2d 313 (2014); *Mahnke v. State*, 276 Neb. 57, 751 N.W.2d 635 (2008); *Anderson Excavating Co. v. Neth*, 275 Neb. 986, 751 N.W.2d 595 (2008); *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007); *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 272 Neb. 390, 722 N.W.2d 10 (2006).

## ANALYSIS

[2-4] Generally, for purposes of construction, a rule or order of an administrative agency is treated like a statute.[2] Absent a statutory or regulatory indication to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning.[3] A regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous.[4]

Rule 010.01C provides:

> Open class service shall consist of all of the following elements: (i) the business of carrying passengers for hire by a vehicle, (ii) along the most direct route between the points of origin and destination or along a route under the control of the person who hired the vehicle and not over a defined regular route, (iii) at a mileage based or per trip fare.

[5] Neither party contends that any portion of Rule 010.01C is ambiguous. And the plain language of Rule 010.01C does not explicitly limit open class carriers to providing only prearranged services, nor does it explicitly restrict open class carriers from providing on-demand services. Because there is no language within the rule to support the Commission's interpretation that open class carriers are limited to prearranged services only, we conclude that such an interpretation is clearly erroneous.

The Commission argues that the order releasing the rule interpretation was within the scope of its authority under Neb. Rev. Stat. § 75-118.01 (Reissue 2009), which authorizes the Commission to determine the scope and meaning of a

---

[2] *Chase 3000, Inc. v. Nebraska Pub. Serv. Comm.*, 273 Neb. 133, 728 N.W.2d 560 (2007) (superseded by statute on other grounds as stated in *Telrite Corp. v. Nebraska Pub. Serv. Comm.*, 288 Neb. 866, 852 N.W.2d 910 (2014)); *Stratbucker Children's Trust v. Zoning Bd. of Appeals*, 243 Neb. 68, 497 N.W.2d 671 (1993).

[3] See *Utelcom, Inc. v. Egr*, 264 Neb. 1004, 653 N.W.2d 846 (2002).

[4] *Id.*

regulation. In support of this argument, it cites *In re Proposed Amend. to Title 291*.[5] In that case, the Commission had released orders defining the terms "limousine" and "limousine service," which were used but not defined in the Commission's motor carrier rules. A limousine company appealed the orders, alleging that the Commission acted outside its authority by creating new rules without following the procedures required under the Administrative Procedure Act. However, we concluded that the Commission was not creating new rules, but "interpret[ing] existing rules and regulations pursuant to its authority under § 75-118.01."[6]

The Commission's reliance on *In re Proposed Amend. to Title 291* is misplaced. In that case, we found that § 75-118.01 authorized the Commission to interpret the terms "limousine" and "limousine service" as they were used within the regulation at issue. Here, however, the Commission is not defining any term or interpreting any language within Rule 010.01C. Instead, it effectively created a new regulation by reading a meaning into the regulation that had no terms or language to support it.

Since the plain language of Rule 010.01C clearly does not restrict open class service providers from providing on-demand services, we need not rely on the history of the rule. But, here, we note that the Commission's previous interpretation of the rule is inconsistent with the interpretation set forth in the order at issue in this appeal.

On February 5, 2002, when the Commission adopted the definition of "open class service" that is codified in Rule 010.01C, it stated in a comment below the definition:

> No commenter expressly opposed this amendment. . . . Again, the Commission has provided for trips by an open class service provider that are made by a "prearranged

---

[5] *In re Proposed Amend. to Title 291*, 264 Neb. 298, 646 N.W.2d 650 (2002) (superseded by statute on other grounds as stated in *Telrite Corp. v. Nebraska Pub. Serv. Comm.*, 288 Neb. 866, 852 N.W.2d 910 (2014)).

[6] *Id.* at 309, 646 N.W.2d at 659.

fare contract" and/or on a demand basis. The Commission believes that this would grant carriers the flexibility to provide transportation service on a prearranged basis and demand basis, while, at the same time, widening the distinction between open class and taxicab service.

The above comments show that at the time Rule 010.01C was adopted, the Commission interpreted it to allow open class carriers to provide services on a prearranged or on-demand basis.

Moreover, the Commission has shown that when it wants to limit service providers to prearranged services only, it has done so. For example, Neb. Admin. Code, ch. 3, § 010.01B, now defines "limousine service" as "(i) the business of carrying passengers for hire by a vehicle, (ii) along a route under the control of the person who hired the vehicle and not over a defined regular route, (iii) on a prearranged *and not on a demand basis*." (Emphasis supplied.) That the Commission did not add such limiting language to the definition of "open class service" is an unambiguous expression of its intent not to restrict open class service providers in this manner.

Although the current rules allow the Commission to restrict the authority granted to certain providers on a case-by-case basis when such restriction is deemed "necessary and reasonable and in the public interest,"[7] the Commission may not restrict all open class service providers by reading a restriction into Rule 010.01C that is not there. To do so would allow the Commission to create a new rule without complying with the rulemaking obligations under the Administrative Procedure Act.

## CONCLUSION

Because the Commission's interpretation is not supported by the language of Rule 010.01C, we reverse and vacate the order releasing the Commission's interpretation of such rule.

REVERSED AND VACATED.

FUNKE, J., not participating.

---

[7] See 291 Neb. Admin. Code, ch. 3, § 010.02A (2003).